## Case No. 8,642.

### LYNN v. YEATON.

[3 Cranch, C. C. 182.] [1]

Circuit Court, District of Columbia. Nov. Term, 1827.[2]

EXECUTORS AND ADMINISTRATORS—ASSETS — SALE OF TRUST PROPERTY—PROCEEDS.

If a deed of trust, for the benefit of children, be set aside by a decree in equity, as being fraudulent as to creditors, and the trustee, who is also executor of the grantor, be decreed to sell, and pay the creditors out of the proceeds of the trust property; those proceeds are assets, as to the creditors; and the money, paid to them, is money paid by the executor; and may be recovered by him, as executor, from the person for whose use he paid it.

Assumpsit for money paid, laid out, and expended by the plaintiff, as executor of the will of John Wise, out of the assets, to discharge a debt due by the defendant to Robert Young, for which Wise was surety. Verdict for the plaintiff, subject to the opinion of the court, upon the following case:

John Wise made his will, and made the plaintiff his executor, and afterwards made a deed of trust to the plaintiff of all his property, for the benefit of his children and grandchildren. Robert Young, a creditor of John Wise, brought suit in equity against the cestuis que trust, and the trustee and executor, to set aside the deed as fraudulent as to him; in which such proceedings were had that the court decreed that so much of the funds in the hands of Lynn, as trustee, should be sold by him to pay the debt to Robert Young, the complainant in that suit; and that he should charge the same to the respective cestuis que trust, according to their respective interests in the trust-fund; and that he transfer the residue of the trust-fund to the cestuis que trust, in proportion to their respective interests therein. Under this decree the trustee paid the debt to R. Young, and now brings suit, as executor of John Wise, against W. Yeaton, to refund the same, for the benefit of the cestuis que trust.

Mr. Taylor, for defendant, contended that the money paid by the plaintiff to R. Young, never was assets of the estate of John Wise, and never was in his hands as executor, and therefore he could not, in that character, recover it of the defendant. The money either belonged to him as trustee, or to the cestuis que trust.

Mr. Jones, contra. The deed was fraudulent, and therefore did not prevent the passing of the property to the executor; because the executor represents the creditors, and as to them the deed was void. If there had been no executor, it would not have been necessary for the creditors to have brought their suit in equity. They might at once, have resorted to the grantee, and

charged him, at law, as executor de son tort. Barber v. Fox, 2 Saund. 137, note. The effect of the decree is to nullify the deed, and to make the property assets; and the plaintiff, as executor, has a good right to recover from the defendant, the amount of the assets thus applied to his use.

Mr. Taylor, in reply. The deed was good between the parties and those claiming under them. The executor cannot maintain an action, or assert a claim, which the testator could not maintain or assert. The deed was good against subsequent creditors. The testator was estopped by his own deed. The plaintiff could not have been charged at law with this property as assets. If the executor and trustee had not been the same person, the executor could not have recovered this property from the trustee as assets. The plaintiff did not, as executor, pay the money to R. Young. He paid it under the decree, in his character as trustee, and in that character he was decreed to pay it, and to transfer the residue to the cestuis que trust; which he could not have done in his character of executor.

THE COURT (nem. con.) ordered the judgment to be entered up on the verdict for the plaintiff, being of opinion that the money arising from the sales was assets to the extent of the claims of the creditors, and that the plaintiff paid it in his character of executor.

[The defendant brought this suit by writ of error before the supreme court, where the sentence of the court below was sustained. 5 Pet. (30 U. S.) 224.]